# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# CHICAGO DIVISION

| | |
|---|---|
| In Re: | Case No. 21-05832 |
| Megan L. Leonard | Chapter 13 |
| Debtor | Hon. Judge Carol A. Doyle |

**REPLY TO DEBTOR'S RESPONSE TO THE OBJECTION TO CONFIRMATION OF U.S. BANK (doc. 59)**

**NOW COMES** U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust, and/or its assigns (hereinafter "Creditor"), by and through its attorneys, Sottile & Barile LLC, and for its Reply to Debtor's Response to the Objection to Confirmation of U.S. Bank states as follows:

1. On May 03, 2021, Megan L. Leonard (hereinafter, "Debtor") filed this Chapter 13 case, Case No. 21-05832.

2. This is Debtor's third Chapter 13 case. The Debtor's first Chapter 13, case number 19-03811, was filed on February 13, 2019, and was dismissed for failure to make plan payments on May 13, 2019. Debtor's second Chapter 13, case number 19-16133, was filed on June 5, 2019, and was dismissed just two months prior to the current filing on March 1, 2021.

3. On May 11, 2021, pursuant to 11 U.S.C §362( c)(3), Debtor filed her Motion to Extend the Automatic Stay. Debtor filed the Motion to Extend the Automatic Stay in order to prevent her Creditors from pursuing their State Court remedies. Debtor's plan that called for the reorganization of the Debtor's existing debt was filed previous to Debtor's Motion. If confirmation of Debtor's plan allowed for the reorganization of that debt regardless of the existence of the automatic stay, there would be no need for that code section, no need for Debtor's Motion to Extend the Stay, and no need for Debtor's Objection.

4. On May 14, 2021, Creditor filed its objection, and Debtor's Motion was overruled as to Creditor on June 1, 2021. The Debtor has not moved to have that Order vacated, nor in fact has that order been vacated. Creditor is free to pursue its state court remedies

5. In a prior similar Chapter 13 case, number 20-03129, *In re Celeste Davis,* this Court ruled that no abandonment was necessary if the automatic stay was not in effect. In that case, Debtor's Motion to Impose Stay was overruled. Creditor then filed a Motion for Abandonment of Real Property as a precautionary measure (doc. 63). The Court denied the Creditor's Motion for Abandonment as being unnecessary (doc. 66). Therefore, in the instant case, if there is no stay in effect, and no abandonment is necessary, there are absolutely no impediments to the Creditor pursuing its State Court rights.

6. Debtor counsel is apparently arguing that any unopposed plan provisions that are included in a confirmed plan are binding. However, in this case, the plan provision concerning Creditor has been objected to for good reason. Debtor counsel's argument is simply not logical. If there is no automatic stay in effect, yet Debtor is allowed to pursue a cure and maintain arrangement concerning Creditor's mortgage, by what mechanism would Creditor obtain relief to pursue its State Court rights? Creditor could not seek relief from stay, as there is no stay in effect. Using Debtor's logic, if the stay were currently in effect at the time of plan confirmation, and then relief from stay was obtained and there was therefore no stay in effect, the terms of the plan concerning Creditor would still be binding, as the plan had been confirmed.

7. Debtor filed her plan on May 3, 2021. As to Creditor, the plan called for maintaining the regular post-petition payments, and curing the pre-petition arrearage. Creditor timely objected to that plan provision on June 7, 2021 as no stay was in effect as to Creditor (doc. 26). Per the Court's docket and the Pacer docket, Creditor's objection has never been adjudicated or resolved, nor has that objection been withdrawn. The Debtor has continued to propose a cure and maintain provision as to Creditor, there is still no stay in effect as to

Creditor, and there is no requirement for Creditor to expend continuous and unnecessary sums for attorney fees.

Dated: August 12, 2021

Respectfully Submitted,

/s/ Jon J. Lieberman
Jon J. Lieberman (OH 0058394)
Sottile & Barile, Attorneys at Law
P.O. Box 476
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Creditor